Wilde J.
afterward drew up the opinion of the Court.
The plaintiff’s claim is founded on a mortgage deed from one Brown to the plaintiff’s father ; and the defence is founded on • a prior mortgage of the same premises, and from the same mortgager, to one Samuel Haven junior. The principal question made at the trial was, whether the mortgage to Haven had been legally discharged. A discharge was proved to have been made by the administrator on Haven’s estate, which the defendant attempted to impeach by showing an equitable assignment of the mortgage and the mortgage debt, to Joseph Valentine, the guardian of Haven’s heirs at law'. The proof was, that the mortgage, and the note it was intended to secure, were passed over by the administrator to Valentine, with other securities, with a power of attorney to collect the debts, and that Valentine thereupon gave the administrator a discharge from all liability. This, although it did not amount to a legal assignment of the mortgage, gave to Valentine an equitable interest or lien which authorized him to control and discharge the mortgage. But this interest or lien ceased upon the discharge of Valentine from his trust as guardian, and the settlement of his guardianship account. The defendant then attempted to prove that Valentine, when he settled this account, paid over to the heirs the amount due on the mortgage ; but the evidence to establish this fact failed, and the jury found that no such payment was made. The defendant’s counsel then contended, that if the debt was not paid by Valentine, he was liable to the heirs, and consequently still retained an equitable interest in the mortgage. But it was held at the trial, that if the debt was not paid over by Valentine to the heirs, he had no interest in the mortgage, which would justify him in taking possession of the premises ; and that the discharge by the administrator was valid ; and so the jury were instructed. To this instruction of the court the defendant excepts. But there seems to be no ground for the exception. Valentine was discharged from his guardianship, and his guardianship account was settled. But if it had not been settled, he was only liable to account for the debts collected, and the effects which *162 came into his hands. The mortgage debt in question had not been collected. His entry gave him no title to the premises, and if the mortgage had been foreclosed in consequence of an entry made by him under his power, the fee would not have . vested in him, but in the administrator. It is impossible therefore to maintain the position, that Valentine is liable to account with the heirs for the demand secured by the mortgage, or that he had any interest in it, either legal or equitable, after his discharge from his guardianship, which could defeat the discharge made by the administrator.

Judgment according to verdict.